UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

JEFFREY SANTAGA,   Case No. 20-cv-1881

    Plaintiff,

vs.

WATERSTONE FINANCIAL, INC.,

    Defendant.

## COMPLAINT

NOW COMES the Plaintiff, Jeffrey Santaga, by and through his attorneys, DeLadurantey Law Office, LLC and complains of Defendant Waterstone Financial, Inc. and alleges to the best of his knowledge, information and belief formed after an inquiry reasonable under the circumstances, the following:

### INTRODUCTION

1. This lawsuit arises from illegal credit reporting and collection attempts.

2. Causes of Action herein are brought under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA").

### JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims arising under the FCRA under 28 U.S.C. § 1331, because this case arises under the laws of the United States.

4. This Court also has jurisdiction under 15 U.S.C. § 1681(p) as it is an action to enforce liability created by the FCRA within two years from the date on which the violation occurred.

5. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(b)(1), because this is where the defendants reside. Under 28 U.S.C. § 1391(c), a defendant corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## PARTIES

6. Plaintiff Jeffrey Santaga (hereinafter "Plaintiff") is a natural person who resides in the County of Racine, State of Wisconsin.

7. Plaintiff is a "consumer" as defined by 15 U.S.C. §1962a(3).

8. Defendant Waterstone Financial, Inc. (hereinafter "Defendant") is a business operating from an address of 11200 W. Plank Court, Wauwatosa, WI 53226. Defendant's registered agent is William Bruss, at the same address.

## BACKGROUND

9. On or about April, 2012, Plaintiff incurred a debt with Defendant. This debt was secured by a mortgage on Plaintiff's personal residence.

10. The debt was incurred for personal, family, or household purposes.

11. In 2014, Plaintiff filed for relief under Chapter 11 of the United States Bankruptcy Code. The case was filed in the Eastern District of Wisconsin and assigned Case No. 14-25453-svk.

12. The debt between the parties was included in the bankruptcy filing.

13. Defendant appeared in Plaintiff's bankruptcy proceeding; including participation by its attorney. Defendant had actual and/or constructive knowledge of Plaintiff's bankruptcy filing.

14. Plaintiff's debt, referenced above, was discharged in his bankruptcy. Further, the mortgage on Plaintiff's residence was also included in the bankruptcy.

15. In 2020, Plaintiff pulled his credit reports to prepare to refinance his home.

16. To his surprise, Defendant was reporting a derogatory and past-due amount on his credit.

17. After discovering this, Plaintiff filed written disputes to the credit reporting agencies informing them there should be no balance due and owing on the account.

18. Defendant responded to requests from at least one of the credit reporting agencies, verifying that a balance was owed.

## COUNT 1 – VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

19. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20. Defendant prepared, compiled, issued, assembled, and communicated inaccurate, erroneous, and blatantly false consumer information regarding Plaintiff, as defined in the FCRA.

21. Defendant violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed information, by failing to review all relevant information available, and by failing to update Plaintiff's credit report to accurately reflect the account.

22. As a result of Defendant's failures to correct their erroneous and derogatory credit reporting, Plaintiff has suffered reduced credit access, emotional distress, embarrassment,

helplessness, hopelessness, loss of sleep, frustration, anxiety, and fear, constituting actual damages pursuant to 15 U.S.C. §§ 1681b(a)(3)(A) and 1681o(a)(1).

23. Because Defendant disregarded notices pertaining to the status of the account, violations of 15 U.S.C. § 1681s-2(b) were willful, entitling Plaintiff to actual, statutory and punitive damages pursuant to 15 U.S.C. § 1681n(a).

24. Plaintiff is entitled to attorney's fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

### Trial by Jury

25. Plaintiff is entitled to, and hereby respectfully demands a trial by jury on all issues so triable.

WHEREFORE, Plaintiff prays that this Court will enter an Order:

A. For an award of actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1682o(a)(1); against the Defendant;

B. Statutory and punitive damages against the Defendant, pursuant to 15 U.S.C. § 1681n(a);

C. Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2) against the Defendant; and

D. For such other and further relief as may be just and proper.

Dated this 21st day of December, 2020.

/s/ Nathan DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
330 S. Executive Drive., Suite 109
Brookfield, WI 53005
Phone: (414) 377-0515
E: nathan@dela-law.com

*Attorney for the Plaintiff*